UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Murray,** | ) | **CASE NO. 1:09 CV 702** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sears, Roebuck and Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion to Alter or Amend Judgment Granting Defendant's Motion for Summary Judgment (Doc. 52). For the following reasons, the motion is DENIED.

**Discussion**

This Court previously granted defendant's Motion for Summary Judgment on plaintiff's claims for retaliation, age discrimination, and intentional infliction of emotional distress. Plaintiff now asks the Court to alter or amend its judgment as to the age discrimination claim only.

1

Motions to alter or amend the judgment may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

Plaintiff asserts that the Court erred in analyzing the issue of pretext.  For the following reasons, the Court disagrees.

As previously stated, to establish pretext, a plaintiff must show that an employer's stated reason: (1) had no basis in fact; (2) did not actually motivate the challenged conduct; or (3) was insufficient to explain the challenged conduct. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). "Regardless of which option is chosen, the plaintiff must produce sufficient evidence from which the jury could reasonably reject the defendants' explanation and infer that the defendants intentionally discriminated against him." *Simpson v. The Vanderbilt University,* 2009 WL 4981684 (6th Cir. Dec. 22, 2009) (citing *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir.2003) (internal quotations and other citations omitted).  In fact, the United States Supreme Court has recently recognized that plaintiff

> must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action.  The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Financial Services, Inc.,* 129 S.Ct. 2343 (2009)

Plaintiff asserts that there were issues of fact as to whether plaintiff's conduct actually motivated defendant's decision to terminate plaintiff and as to whether defendant's reason was sufficient to explain the termination.  Plaintiff does not attempt to demonstrate that there

2

was evidence showing that age was the "but for" cause of his termination. Although as pointed out by defendant, this Court addressed "every argument and every issue presented by Plaintiff" (Doc. 53 at 3), the Court will discuss the arguments made by plaintiff in his present motion. The Court finds no basis to alter or amend the judgment.

First, plaintiff states that the Court "utilized only one full paragraph and one two-line paragraph to analyze Plaintiff's age discrimination claim." (*Id.* at 4) The Court, however, assumed that plaintiff had established a prima facie case of age discrimination and then concluded that he had failed to demonstrate pretext which had been fully discussed in the context of the retaliation claim. The Court had specifically noted that plaintiff's arguments regarding pretext had been presented with his age discrimination claim. Having discussed retaliation first, the Court addressed the arguments regarding pretext there.

Second, plaintiff asserts that the Court ignored the "critical factor" that nearly two months lapsed between the incident giving rise to the termination and the date that plaintiff was informed of his termination. As noted by this Court, the incident at issue occurred on November 18, 2007. Store Manager Guy Huggard (now deceased) informed District Manager Rebecca Bostrom of the incident. Bostrom instructed Huggard to obtain statements from everyone who participated or witnessed the events and to call 88 Sears for additional guidance. Based on her review of the statements, the fact that Huggard and Assistant Store Manager Terri Phillips were new to the store, and a similar situation which Bostrom had encountered ten years earlier, Bostrom believed termination was warranted. She approved Huggard's request for the termination. Huggard called 88 Sears on November 26, 2007, and was told to fax the written statements regarding the incident. On November 29, the 88 Sears

3

representative advised Huggard to issue plaintiff a final written warning of misconduct.  On December 31, 2007, Huggard telephoned 88 Sears again to inform them that Bostrom had recommended termination.  Huggard terminated plaintiff on January 12, 2008.  While Bostrom does not state the date that she approved the termination, she averred that she could only infer that Huggard's act of terminating plaintiff on January 12, 2008, occurred nearly two months after the incident in question because Huggard was distracted during the "heavy holiday season" and the "decision was hard for him to make."  Plaintiff asserts that the curiousness of the lapse of time is bolstered by the fact that other employees who witnessed the event assumed that the matter was closed and were surprised when they learned of the termination.  Plaintiff's suppositions do not raise an issue of fact as to whether his conduct actually motivated defendant's decision to terminate him or as to whether defendant's reason was sufficient to explain the termination.

      Furthermore, plaintiff had argued in his brief opposing summary judgment that nearly two months had passed, Terri Phillips had testified that she did not feel threatened by plaintiff during the incident, and Phillips did not know why plaintiff was terminated.  This Court discussed Phillips's testimony at length and concluded that it only showed that Phillips was not involved in the decision to terminate plaintiff or the investigatory process.  Additionally, while Phillips may not have felt threatened by plaintiff's conduct, Huggard and Bostrom considered it to be disrespectful and insubordinate enough to warrant termination.

      Plaintiff now asserts that the lapse in time is not explained by a lengthy investigation as 88 Sears considered the file closed on November 29, 2007, slightly more than six weeks prior to the termination, when it recommended that plaintiff only be administered a final

4

warning for misconduct.  Plaintiff asserts that Bostrom and Huggard "attempted" to have 88 Sears revisit the issue at the end of December without any additional facts or further investigation because they were "apparently dissatisfied" with the 88 Sears guidance.  When 88 Sears again informed Huggard that termination was not supported, plaintiff was "suddenly terminated" two weeks later.  (Doc. 52 at 5-6) Again, this Court discussed at length the details of 88 Sears's involvement as well as that of Huggard and Bostrom.  As Bostrom was the final decision maker, there is no reason to consider the time between 88 Sears's recommendation and the date of the termination as suspect.

Third, plaintiff asserts that this Court gave little or no weight to the fact that the defendant's own Corporate Human Resources Department, 88 Sears, was of the opinion that plaintiff should not be terminated for his conduct.  Plaintiff asserts that this clearly shows that the incident was insufficient to motivate the termination. Plaintiff contends that if 88 Sears could conclude that plaintiff's behavior did not warrant termination, certainly a jury could reasonably conclude likewise.  Plaintiff states, "It seems that the Court made the unilateral decision that the analysis by Defendant's Corporate Human Resources Department was somehow unreasonable, such that a jury should not be permitted to draw the very same conclusion."  (Doc. 52 at 7) Plaintiff asserts that the Court "ignored the fact that [88 Sears] directly stated that the reason for termination cited by Bostrom and Huggard was insufficient to justify termination" and, therefore, the Court erred in its analysis.  (*Id.* 7-8)

This Court fully addressed this argument and rejected it based on the deposition testimony of the 88 Sears manager and Bostrom's affidavit.

Fourth, plaintiff asserts that this Court failed to consider all relevant factors as

5

evidenced by its lack of acknowledgment of defendant's Answers to Interrogatories wherein defendant misidentified the identities of the employees who replaced plaintiff.  This Court disagrees. In filing its Motion for Summary Judgment, defendant submitted the affidavit of Kenneth Watson on the issue of plaintiff's replacements.  This Court addressed this evidence and specifically stated that

> on January 22, 2008, Watson participated in the hiring of Stanley Maziarz, age 20. Maziarz worked part-time for about two months.  Watson then hired Christopher Bohatka, age 20, on March 5, 2008.  He also worked part-time for about two months.  Both Maziarz and Bohatka were terminated.  On May 15, 2008, Allen Graves, who was in his 60s, came to work part-time in the department.   In June 2008, Mike Singer, who was in his 50s, also came to work part-time in the department after being transferred from Arizona.  (Watson aff.)

On the basis of this evidence, the Court assumed that plaintiff was replaced by someone outside the protected class.  In its earlier Answers to Interrogatories, defendant had identified only Allen Graves and Mike Singer as the replacements.  Plaintiff contends that this prior misidentification shows pretext for age discrimination.  The Court disagrees that this raises an issue of fact as pretext.

Fifth, plaintiff asserts that the Court did not construe the facts in his favor but instead chose to "dwell on plaintiff's conduct after he was terminated" as evidenced by this Court's inclusion in its discussion of Bostrom's affidavit testimony that she did not consider returning plaintiff to his position once she learned that he had made crude references about Phillips when he was being escorted from the store.  Plaintiff contends that as this conduct could not have served as any basis for his termination, defendant's inclusion of this fact was merely inflammatory which had the desired affect on this Court.  This evidence, however, was before the Court and was relevant because it was relied upon by Bostrom to explain why she did not

6

consider rescinding her decision to terminate plaintiff.

Finally, plaintiff contends that defendant's original misunderstanding of plaintiff's retaliation claim put it at an unfair advantage because plaintiff could not respond to defendant's reply brief where new arguments may have been raised.  Plaintiff asserts that despite this unfair advantage, the Court addressed pretext within the retaliation context.

This Court expressly acknowledged that defendant initially incorrectly framed the claim as one for handicap discrimination rather than retaliation for complaining of disability discrimination.  This Court then properly analyzed the claim.  If plaintiff felt that defendant raised new issues in its reply, plaintiff could have sought leave to file a sur-reply brief.

Moreover, this Court addressed plaintiff's claims in the order they were presented in the Complaint.  As Count One alleged retaliation, it was addressed first.  Pretext is a required element to plaintiff's retaliation claim, and it is his burden to prove it.  *See Harris v. Metropolitan Government of Nashville and Davidson County, Tenn.,* 594 F.3d 476 (6th Cir. 2010) (citing *Ladd v. Grand Trunk W. R.R.,* 552 F.3d 495 (6th Cir. 2009). As plaintiff failed to address pretext regarding this claim, the Court actually gave him the benefit of the doubt and applied the pretext arguments he had made within his discussion of age discrimination.  This Court did not give an unfair advantage to defendant.  Moreover, it appears that plaintiff is now of the opinion that he considered his age claim to be more important than his retaliation claim although his case focused on the fact that he had called 88 Sears, an action he regarded as protected activity.  As defendant recognizes in its brief herein, the issue of age was "seemingly an ancillary argument."  (Doc. 53 at 2) Regardless, retaliation was addressed first and the Court addressed pretext as it is a necessary element of that claim.

7

In sum, not only does plaintiff fail to show that he raised issues of fact as to pretext, but he also fails to demonstrate that age was the real reason for his termination.  For these reasons, plaintiff's Motion to Alter of Amend Judgment Granting Defendant's Motion for Summary Judgment is denied.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Alter or Amend Judgment Granting Defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/1/10